UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Stanley R. Henricksen,

Plaintiff,

v.

Commissioner of the Internal Revenue Service,

Defendant.

Civil No. 00-766 (RHK/RLE)
**MEMORANDUM OPINION AND ORDER**

---

Stanley R. Henricksen, pro se, Duluth, Minnesota, for Plaintiff.

Katja M. Eichinger, Tax Division, United States Department of Justice, Washington, D.C., for Defendant.

---

## Introduction

Before the Court is the Commissioner of the Internal Revenue Service's Motion to Dismiss Stanley R. Henricksen's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court will grant in part and deny in part the motion.

## Background

On April 3, 1997, Henricksen filed amended tax returns for the 1989, 1991, and



FILED SEP 19 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1993 tax years.[1] (Decl. of Katja M. Eichinger, Exs. A-C (Forms 1040X).) Henricksen sought tax refunds for those tax years on the grounds that he claimed to be entitled to carry back losses he had incurred during the 1992 and 1994 tax years. (Id.)

On April 2, 1998, the Internal Revenue Service ("IRS") sent Henricksen a notice stating that it was disallowing Henricksen's claim for a refund in full because the losses he had claimed in 1994 had been incurred as the result of sales between related parties.[2] (Answer to Resp't Mot. to Dismiss Ex. B (IRS Notice of Disallowance to Henricksen).) On the same date, the IRS also sent Henricksen a separate "Notice of Deficiency" which claimed that Henricksen had underpaid his taxes for the 1994 tax year. (Ex. A. to Gov't Ex. B. to Mem. Supp. Mot. to Dismiss (IRS Notice of Deficiency to Henricksen).)

Henricksen filed a timely petition in the Tax Court on June 8, 1998 to challenge the Notice of Deficiency. The IRS could not, however, locate its copy of the deficiency notice and, because it could not verify that it had sent a deficiency notice to Henricksen, moved to dismiss the Tax Court proceeding for lack of jurisdiction. The Tax Court determined that, from the record before it, it could not find that a valid deficiency notice had been sent; accordingly, it granted the IRS's motion on July 2, 1998. (Compl. Ex. B

---

[1] All of the tax years relevant to Henricksen's claims are coextensive with the calendar year and end on December 31.

[2] The IRS's notice of disallowance makes no reference to the fact that the refund Henricksen sought for 1989 was apparently the result of a carry-back of losses incurred in 1992, not 1994.

(Order dated July 2, 1998, Henricksen v. Commissioner of Internal Revenue, Tax Court File No. 10335-98S.) Within three weeks of the entry of the Tax Court's dismissal order, the IRS located its copy of the deficiency notice and moved the Tax Court to vacate the order of dismissal. (Gov't Ex. B. in Supp. of Mot. to Dismiss (Motion to Vacate Court's Order of Dismissal for Lack of Jurisdiction).) The Tax Court summarily denied that motion on October 21, 1998. (Id.)

Henricksen filed suit in this Court in March of 2000. In his one page Complaint, Henricksen asserts that "no notice of deficiency was served on petitioner." (Compl.) Henricksen's Complaint also alleges that "[t]herefore petitioners argument that the statute of limitations has expired and any deficiency or any refiling of back income taxes based on loss in taxable year 1984 [sic]."[3] (Id. (emphasis added).) As his prayer for relief, Henricksen "asks the court to order the Internal Revenue Service to honor the order of July 2, 1998 and the order of October 21, 1998 . . . ." (Id.)

Through the process of submitting briefs on the Commissioner's Motion to Dismiss, Henricksen's claims against the Commissioner have crystalized somewhat. Henricksen's response to the Government's motion to dismiss indicated that he was pursuing his claim for a refund for tax years 1989, 1991, and 1993.[4] The Commissioner

---

[3] The Government has assumed that the reference to "taxable year 1984" is a typographical error and should read "1994."

[4] Attached as Exhibit B to Henricksen's response to the Motion to Dismiss was a copy of the April 2, 1998 notice of disallowance for refunds claimed on the 1989, 1991,

requested and received additional time to review its records regarding the 1989, 1991, and 1993 tax years and respond, if necessary, to the refund issue. Although Henricksen was given leave to file a brief in response to the Government's reply brief, Henricksen did not file any additional papers with the Court. Oral argument was heard on August 23, 2000, and the matter is deemed to be fully submitted.

## Analysis

### I. Standard of Decision

#### A. Lack of Subject Matter Jurisdiction

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action where it is shown that the Court lacks jurisdiction over the subject matter of the dispute. From the record before the Court, it appears that Henricksen's claims can be grouped into two categories: (1) those dealing with the April 2, 1998 Notice of Deficiency for tax year 1994; and (2) those dealing with the April 2, 1998 Notice of Disallowance of the refunds Henricksen sought for the 1989, 1991, and 1993 tax years. The Court considers its subject matter jurisdiction to hear each category of claim.

##### 1. The Notice of Deficiency for the 1994 Tax Year

Henricksen has asked the Court to enter an order directing the IRS to comply with the Tax Court's orders dismissing his challenge to the notice of deficiency for tax year

---

and 1993 tax years. Henricksen's representations to the Court at the hearing on the Commissioner's Motion to Dismiss substantiates the fact that he is indeed seeking a refund for those years.

1994. The Court understands this request to be, in effect, a request for an order preventing the IRS from assessing Henricksen for taxes the IRS believes to be unpaid for tax year 1994. The record before the Court, however, indicates that there is no risk that the IRS will attempt to collect back taxes for tax year 1994 in violation of the Tax Court's orders.

"'Through the passage of time and the occurrence of irrevocable events, disputes may disappear so that federal courts no longer can grant effective relief.'" Lebanon Chem. Corp. v. United Farmers Plant Food, Inc., 179 F.3d 1095, 1099 (8th Cir. 1999) (quoting McFarlin v. Newport Special Sch. Dist., 980 F.2d 1208, 1210 (8th Cir.1992)), cert. denied, 120 S. Ct. 798 (2000). A claim that no longer presents a live case or controversy is moot, and a federal court lacks jurisdiction to hear it. See Minnesota Humane Society v. Clark, 184 F.3d 795, 797 (8th Cir. 1999) (citing Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir.1998)). Here, the IRS has represented on the record that no assessment of tax liability has ever been made for the 1994 tax year; furthermore, the statute of limitations has run, and no assessment could be made now or in the future. (Def.'s Mem. Supp. United States' Motion to Dismiss at 3.) Given that the IRS has acknowledged that it cannot assess Henricksen for taxes in connection with the 1994 tax year, an injunction to prevent the IRS from doing so would not afford "effective relief" to Henricksen. Accordingly, the Court will dismiss any claim based upon the April 2, 1998, Notice of Deficiency as moot.

### 2. The Notice of Disallowance for Refunds of Taxes Paid in 1989, 1991, and 1993.

Construing the Complaint broadly, Henricksen has also taken issue with the IRS's decision to disallow his claims for the refund of taxes paid in 1989, 1991, and 1993. Section 1346(a)(1) provides that the United States district courts have jurisdiction over civil suits "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). A jurisdictional prerequisite to a refund suit is the filing of an administrative claim for a refund with the IRS. See Bruno v. United States, 547 F.2d 71, 74 (8th Cir. 1976).

The jurisdictional prerequisites for a refund suit appear to have been met in this case. Henricksen filed amended 1040 tax forms for tax years 1989, 1991 and 1993, seeking a refund of taxes previously paid. The Notice of Disallowance sent to Henricksen by the IRS stated: "If you wish to bring suit or proceedings for the recovery of any tax, penalties or other moneys for which this disallowance notice is issued, you may do so by filing such a suit with the United States District Court having jurisdiction, or the United States Claims Court. The law permits you to do this within 2 years from the mailing date of this letter." (Answer to Resp't Mot. to Dismiss, Ex. B.) The record indicates, and the IRS has acknowledged, that Henricksen filed this action within two years of the date of the notice of disallowance. (See United States' Reply Mem. at 1,

n.2.) From the foregoing, the Court concludes that the jurisdictional prerequisites to a refund suit have been satisfied and this Court has subject matter jurisdiction over the refund claims.

### B. Failure to State a Claim Upon Which Relief Can Be Granted

In considering a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take as true the allegations contained in the complaint. Cooper v. Pate, 378 U.S. 546, 84 S. Ct. 1733 (1964) (per curiam). A complaint

> must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. "Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."

Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (quoting Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978)). Viewing the complaint in this manner, the court may dismiss a case under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 67, 73, 104 S. Ct. 2229, 2232 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102 (1957)).

Together with its reply memorandum on the motion to dismiss, the Government has submitted a Declaration of Katja M. Eichinger, to which are attached copies of

various tax returns and tax transcripts relating to tax years 1989 and 1991 through 1993. Rule 12(b) provides that

> [i]f, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. Pro. 12(b). The Court provided Henricksen with a reasonable opportunity to present facts and arguments in response to the Government's reply brief and Ms. Eichinger's Declaration. He declined to submit a sur-reply brief. The Court will consider the tax records provided by the Government and accordingly treat the motion to dismiss as one for summary judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In order for the moving party to prevail, it must demonstrate to the Court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). In analyzing a motion for summary judgment, the district court must view all of the evidence and the inferences to be drawn therefrom in the light most favorable to the non-moving party. See id. at 250,

106 S. Ct. at 2511. The non-moving party may not, however, rest on the allegations or denials in the pleadings, but must set forth specific facts sufficient to raise a genuine issue of material fact for trial. See Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

The Government argues that Henricksen's claim for a refund on his 1989 taxes is time-barred. With respect to Henricksen's claims for refunds on his 1991 and 1993 taxes, the Government acknowledges that those claims are not time barred; however, the Government argues that they should be dismissed because the 1994 loss that Henricksen has attempted to carry back is not allowed under § 267 of the Internal Revenue Code. The Court begins with the argument that the 1989 refund claim is time-barred.

**1. Statute of Limitations for the 1989 Refund Claim**

Section 6511of the Internal Revenue Code states the limitations periods for refund claims. Generally, a claim for a refund must be filed within three years of the date the return was filed or within two years of the date the tax was paid, whichever period expires later. See 26 U.S.C. § 6511(a). Where the claim for refund is the result of a carry-back of net operating losses ("NOL"), the limitations period for a refund claim is calculated differently. The limitations period applicable for refund claims involving NOL carry-backs is three years from the due date of the tax return for the tax year in which the loss was incurred. 26 U.S.C. § 6511(d)(2)(A).

The Government has come forward with evidence, not disputed by Henricksen, that Henricksen filed his refund claim for the 1989 tax year on April 3, 1997. Applying

the "NOL carry back" provision for calculating the limitations period, Henricksen's amended tax return seeking a refund was filed more than three years after the due date for the 1992 tax return – namely, April 15, 1993. Even if Henricksen's refund claim were not based upon a carry back of net operating loss, he could not satisfy the general limitations period of § 6511(a). The longer of the two potential limitations periods under § 6511(a) would be calculated from the date on which the tax to be refunded was paid.[5] Henricksen paid his 1989 taxes on March 15, 1994; therefore, the limitations period calculated from this date would have expired on March 15, 1996. Thus, under neither of the limitations periods for a refund claim is Henricksen's refund claim for 1989 timely.

Henricksen has argued that the Order dismissing the Tax Court petition regarding the notice of deficiency for 1994 "gives the petitioner the right to refile the 1994 return for the back years based on the loss incurred in 1994." (Answer to Resp't Mot. to Dismiss ¶ II.) The Court does not read either the Tax Court Order dated July 2, 1998 or the Order dated October 21, 1998, as giving Henricksen a right to refile returns for refunds. Even if the orders did so provide, however, they would not be relevant to the refund claim for 1989, which is based on losses reported in 1992, not 1994. (See Eichinger Decl. Ex. A. (Form 1040X for 1989).) The Court finds that the refund claim for 1989 is time-barred and, to that extent will grant the Government's motion to dismiss.

---

[5] Henricksen filed his 1989 tax return on May 14, 1990. (Eichinger Decl. Ex. E. (Certified Official Record for taxpayer Henricksen).) Therefore, the limitations period calculated from this date would have ended on May 14, 1993.

**2. Validity of the Net Operating Loss Claimed for 1994**

With respect to the 1991 and 1993 refund claims, the Government argues that the claims should be dismissed because the carry back loss on which the claims are based is not permitted by § 267 of the Internal Revenue Code.[6] Specifically, the Government contends that the deduction Henricksen claimed on Schedule C of his 1994 tax return resulted from Henricksen's sale of the inventory of his business to his brother. See 26 U.S.C. § 267(a)(1) and (b)(1). On summary judgment, the movant bears the initial burden of establishing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. At present, there is insufficient evidence in the record to permit the Court to conclude, as a matter of law, that the deduction at issue resulted from a sale or exchange of property that is prohibited by the Internal Revenue Code. Accordingly, the Court will deny summary judgment as to the refund claims for 1991 and 1993.

---

[6] Henricksen appears to argue that the Tax Court's Orders dismissing his petition on the Notice of Deficiency bars the United States from contesting the correctness of any aspect of the 1994 tax return, including the losses reported on Schedule C of his return. The dismissal of Henricksen's petition was not based upon application of the law relevant to the loss Henricksen reported on Schedule C of his 1994 return. Instead, the Tax Court based its ruling on the fact that there was not sufficient evidence in the record to permit it to find that a notice of deficiency had been sent to Henricksen. Whether the loss reported on Schedule C of Henricksen's 1994 tax return is permitted under § 267 of the Internal Revenue Code was neither addressed nor decided by the Tax Court.

## Conclusion

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED THAT** the United States' Motion to Dismiss (Doc. No. 5) is **DENIED** with respect to Henricksen's refund claims for the 1991 and 1993 tax years, and is **GRANTED** in all other respects.

Dated: September 19, 2000

RICHARD H. KYLE
United States District Judge