**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Stanley R. Henricksen,

Plaintiff,

v.

Commissioner of the Internal Revenue Service,

Defendant.

Civil No. 00-766 (RHK/RLE)
**MEMORANDUM OPINION AND ORDER**

---

Stanley R. Henricksen, pro se, Duluth, Minnesota, for Henricksen.

Katja M. Eichinger, Tax Division, United States Department of Justice, Washington, D.C., for Defendant.

---

## Introduction

Before the Court are the Commissioner of the Internal Revenue Service's Motion for Summary Judgment and Plaintiff Stanley R. Henricksen's "Motion for Time Barred."[1] For the reasons set forth below, the Court will grant the Commissioner's motion and deny Henricksen's motion.

---

[1] In broadly construing Henricksen's memorandum in support of his motion, it appears that Henricksen is bringing a motion for summary judgment based on a statute of limitations theory. Accordingly, the Court will consider Henricksen's motion as one for summary judgment.

FILED APR 12 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD APR 12 2001
DEPUTY CLERK

## Background

The factual and procedural history of the instant case is set forth in the Court's September 19, 2000, Memorandum Opinion and Order. The Court will limit its discussion, therefore, to the factual background necessary for the instant motions.

Henricksen filed this suit on March 28, 2000, claiming, inter alia, that he was entitled to a refund for tax years 1991 and 1993, based on a carry-back[2] of his net operating losses from tax year 1994.[3] See Henricksen v. Comm'r of the Internal Revenue Serv., Mem. Op. and Order at 3 (D. Minn. Sept. 19, 2000). The Commissioner denied his claim for refund because Henricksen's losses in 1994 were the result of a sale of inventory from his business, S-D Cards, to his brother, Dwane Henricksen. Henricksen responds that the Commissioner "was legally required to contest [his] 1994 [net operating loss] carry-backs by April 15, 1998, they did not do so. The statute of limitations has run out for [the Commissioner], it is time-barred." (Pl.'s Mem. in Supp. of his Mot. for Time-Barred at 1.)

---

[2] A carry-back is "[a] provision in the tax law which allows a taxpayer to apply a net operating loss in one year to the three immediately preceding tax years, beginning with the earliest year." Black's Law Dictionary 214 (6th ed., 1990) (citing 26 U.S.C. § 172(b)).

[3] In its September 19, 2000, Memorandum Opinion and Order, the Court interpreted Henricksen's one-page Complaint as asserting a claim for a refund for tax years 1991 and 1993. Henricksen also asserted a refund claim for 1989 that was dismissed as untimely. See Mem. Op. at 9-10.

Henricksen filed his 1994 tax return claiming a net operating loss ("NOL") of $84,204.00, incurred from the sale of inventory from his sports trading card business. (Eichinger Decl. Ex. 1 (Form 1040, dated April 14, 1995).) He also claimed a loss from rental property in the amount of $4,287.31, and a capital loss of $16,071.89. (Id.) Henricksen filed amended tax returns for the tax years 1991 and 1993, claiming a carry-back of the NOL from 1994. (Id. Exs. 2 and 3 (Forms 1040Xs for 1991 and 1993 tax years).) Henricksen requested a refund of $3,988.00 and $817.00 for the 1991 and 1993 tax years, respectively, based on the 1994 carry-back.

By letter dated April 2, 1998, the Commissioner informed Henricksen that it was disallowing his claims for refunds for tax years 1991 and 1993 (id. Ex. 6 (Notice of Disallowance)) because, pursuant to § 267 of the Internal Revenue Code, NOLs incurred from sales between related parties are not permitted. (Id.) This suit followed.

## Analysis

### I. Standard of Decision

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court views evidence and the inferences which may be reasonably drawn from it in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996); see also Adkinson v. G.D. Searle & Co., 971 F.2d 132, 134 (8th Cir. 1992). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enter. Bank, 92 F.3d at

747; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The nonmoving party must demonstrate the existence of specific facts that create a genuine issue for trial; mere allegations or denials are not enough. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the nonmoving party. See Liberty Lobby, 477 U.S. at 250, 106 S. Ct. at 2511.

**II. Henricksen's Motion for Time-Barred**

Henricksen contends that the Commissioner was legally required to contest his claim for refund from the 1994 NOL by April 15, 1998. (Pl.'s Mot. for Time-Barred at 1.) In support of this proposition, Henricksen cites to an Internal Revenue Service publication, which discusses the procedures for extending the Commissioner's time for examining a tax return. (Def.'s Opp'n to Pl.'s Mot. for Time-Barred Ex. 1 (IRS Publication 1035, titled Extending the Tax Assessment Period).) This publication explains that the statute of limitations for the Commissioner to examine a tax return is three years from the date the return is filed or the date it was due, whichever is later. (Id.) After the three-year period has expired, the Internal Revenue Service cannot assess additional taxes or make a refund or credit. (Id.) If additional time is required, however, the Internal Revenue Service and the taxpayer can agree, in writing, to extend the three-year term. (Id.)

The Commissioner responds that Henricksen's argument is based on the erroneous

assumption that, because Henricksen was required to file his refund claim for tax years 1991 and 1993, based on the 1994 carry-back, by April 15, 1998, the Commissioner was likewise required to contest his claim for refund by the same date. (Def.'s Opp'n to Pl.'s Mot. for Time-Barred at 1.)

Section 6511 of the Internal Revenue Code provides that the limitations period applicable to a refund from an NOL carry-back is three years from the due date of the tax return for the tax year in which the loss was incurred. 26 U.S.C. § 6511(d)(2)(A). Henricksen's 1994 tax return was due on April 15, 1995; therefore, his claim for a refund based on an NOL carry-back was due by April 15, 1998. This section, however, only addresses a taxpayer's time limitation in bringing a claim for a refund based on NOL carry-backs; it says nothing about when the Commissioner is barred from contesting a taxpayer's claim for refund. The Internal Revenue Service publication that Henricksen cites to is also silent on the issue of when the Commissioner may contest a claim for refund. The Commissioner also argues "that the United States is never time-barred from contesting a taxpayer's refund." Without determining whether the Commissioner is correct on this last point, the Court finds that Henricksen has failed to demonstrate the existence of specific facts that support his allegation that the Commissioner was required to contest his refund claim by April 15, 1998. Therefore, the Court will deny his motion.

## III. Merits of Henricksen's Refund Claim

The Commissioner contends that Henricksen is not entitled to a refund from his 1994 NOL carry-backs because the NOL was incurred from a sale of inventory to his

brother, citing § 267 of the Internal Revenue Code, and that he does not fall under the exception in the last sentence of § 267(a)(1). (Def.'s Mem. in Supp. of Mot. for Summ. J. at 1.) Section 267 provides:

> (a) In general.--
>
> > (1) Deduction for losses disallowed.--No deduction shall be allowed in respect of any loss from the sale or exchange of property, directly or indirectly, between persons specified in any of the paragraphs of subsection (b). The preceding sentence shall not apply to any loss of the distributing corporation (or the distributee) in the case of a distribution in complete liquidation.
>
> * * * * * *
>
> (b) Relationships.--The persons referred to in subsection (a) are:
>
> > (1) Members of a family, as defined in subsection (c)(4);
>
> * * * * * *
>
> (c) Constructive ownership of stock - For purpose of determining, in applying subsection (b), the ownership of stock -
>
> * * * * * *
>
> > (4) The family of an individual shall include only his <u>brothers</u> and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants; and . . . .

26 U.S.C. § 267.

The evidence before the Court that supports the Commissioner's contention that the sale of inventory was to Henricksen's brother are Henricksen's answers to interrogatories. In response to the interrogatory "Please state the date, place and dollar amount of sale of all the business inventory of S-D cards to your brother Dwane

Henricksen," Henricksen replied "You have them you supplyed [sic] them to me." And in response to the interrogatory "Please indicate the purchase price of the inventory of S-D Cards you sold to your brother Dwane Henricksen," Henricksen replied "You have this information and [you] just sent me a copy of it." (Eichinger Decl. Ex. 5 (Henricksen Interrogs.).) The Court finds that this evidence, together with Henricksen's failure to deny the allegations, is sufficient to support a finding that Henricksen sold inventory from his business to his brother Dwane Henricksen. Accordingly, Henricksen's refund claim is prohibited by the first sentence of § 267.

Henricksen contends, however, that, based on the definition of the term "distributee," his transaction with his brother is exempt from § 267's general prohibition. Section 267(a)(1) provides that the general prohibition against losses from transactions between related parties does not "apply to any loss of the distributing corporation (or the distributee) in the case of a distribution in complete liquidation." Distributee, according to Henricksen, means the same as "distribution," which is defined as "(1) the passing of personal property, [and] (2) [t]he act or process of apportioning or giving out, a [d]istribution in [l]iquidation - [a] distribution of trade or business of its [a]ssets by a corporation or partnership, that is going out of business." (Pl.'s Answer to Summ. J. at 1-2 (citing generally Black's Law Dictionary); Ex. A (copy of page from dictionary, source not cited).) The Commissioner counters that § 267(a)(1) only applies, by its terms, to a distributing corporation or a distributee, and Henricksen is neither.

Henricksen does not contend that S-D Cards was a corporation. (Eichinger Decl. Ex. 4 (Henricksen Interrogs.).) Henricksen's argument that the transfer to his brother was a distribution, and that he was a distributee is without merit. A distributee is "one to whom something is or is to be distributed." Webster's Third New Int'l Dictionary 660 (1986). Because Henricksen's NOL was incurred from a sale of inventory to his brother, he was not one to whom something was distributed, and therefore, cannot be considered a distributee. The Court concludes that Henricksen's refund claim is barred by § 267, and does not fall within the exception of § 267(a)(1).[4]

## Conclusion

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that

1. Defendant's Motion for Summary Judgment (Doc. No. 23) is **GRANTED**;

2. Plaintiff's Motion for Time-Barred / Summary Judgment (Doc. No. 21) is **DENIED**; and

---

[4] Henricksen also claims in his Answer to Summary Judgment that "there is also a loss on my tax return of 1994 as follows (1) Telemark townhouse # 21 of $4,288.00 (2) Capital gains and Losses of $16,072.00." (Pl.'s Answer to Summ. J. at 2.) To the extent that Henricksen claims these losses should be carried-back, the Court finds that, pursuant to § 1212(b) of the Internal Revenue Code, capital losses can only be carried forward to the succeeding year, and cannot be applied to gains from previous tax years. Therefore, his capital losses of $16,072.00 can only be used to offset future capital gains. With respect to the loss from renting his townhouse, this loss was never disallowed by the Commissioner; Henricksen was allowed to use the $4,288.00 as an offset to his 1994 income. (See Eichinger Decl. Ex. 1 (Form 1040, dated April 14, 1995).)

3. the Complaint is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 11, 2000

RICHARD H. KYLE
United States District Judge

APR 12 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995